**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SIYESHA FULWOOD,**

      **Plaintiff,**

**v.**                                                    **Case No. 8:09-CV-0378-T-30EAJ**

**CAPITAL ONE AUTO FINANCE, INC., <u>et</u> <u>al</u>.,**

      **Defendants.**

_____/

<u>**REPORT AND RECOMMENDATION**</u>

Before the court are Defendants' **Motion for Taxation of Costs** (Dkt. 76), Plaintiff's **Response** (Dkt. 79), and Defendants' **Reply** (Dkt. 83).[1]  For the reasons stated herein, the undersigned recommends that the motion be granted in part and denied in part.

Defendants seek $5,968.60 in costs, including $5,228.60 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  Plaintiff objects to $250.00 of these fees as generated for counsel's convenience. Plaintiff further objects to Defendants' request for $10.00 in Clerk's fees for the <u>pro hac vice</u> appearance of Defendants' counsel. Finally, Plaintiff asks that copying fees be taxed at eight cents per page  instead of the requested ten cents per page.

A prevailing party may recover various costs, including fees of the clerk and fees for printed or electronically recorded transcripts and copies necessarily obtained for use in the case.  28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1).  However, costs incurred for the convenience of counsel are not taxable.  <u>Lehman Bros. Holdings v. Hirota</u>, No. 8:06-CV-2030-T-24-MSS, 2010 WL 3043653, at *4 (M.D. Fla. July 30, 2010) (citation omitted).

---

[1]  The motion has been referred to the undersigned for a Report and Recommendation (Dkt. 76).  <u>See</u> 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

Plaintiff objects to $250.00 in fees for condensed/compressed transcripts, electronic transcripts, ASCII discs, and CD-ROMs. Defendants' cursory assertion that these fees were necessarily incurred is inadequate to justify their taxation.[2] See Slater v. Progress Energy Serv. Co.,No. 8:09-CV-208-T-24-EAJ, 2010 WL 5209342, at *1-2 (M.D. Fla. Dec. 16, 2010); Tiara Condominium Ass'n v. Marsh USA, Inc., 697 F. Supp. 2d 1349, 1370 (S.D. Fla. 2010) (citations omitted). Therefore, Plaintiff should not be required to pay them.

Next, Plaintiff objects to paying the $10 fee charged by the clerk for the pro hac vice admission of Defendants' counsel. Several courts within the Eleventh Circuit have concluded that pro hac vice costs are not taxable under 28 U.S.C. § 1920. See Covington v. Ariz. Beverage Co., No. 08-21894-CIV, 2011 WL 810592, at *3 (S.D. Fla. Jan. 25, 2011). As Defendants decline to argue why this fee is otherwise taxable, Plaintiff should not be required to pay it.

Finally, Plaintiff objects to paying ten cents per page for copies. Because this is a reasonable rate for exemplification and the costs of making copies, Plaintiff's objection should be overruled.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     Defendants' Motion for Taxation of Costs (Dkt. 76) be **GRANTED IN PART**; and

(2)     Defendants be awarded $5,708.60 in costs.

---

[2] The court afforded Defendants an opportunity to respond to Plaintiff's objections, however, Defendants rested on the arguments set forth in their motion, which does not explain the need for condensed/compressed transcripts, electronic transcripts, ASCII discs, and CD-ROMs.

**Date:   May 13, 2011**

ELIZABETH A JENKINS
United States Magistrate Judge


**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations

contained in this report within fourteen (14) days from the date of this service shall bar an

aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).


Copies to:
Counsel of Record
District Judge